UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERVE OLIVIER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MILITARY INTELLIGENCE, et al., <br><br> Defendants. | Civil Action No. 24-12093-MJJ |

**MEMORANDUM AND ORDER**

December 31, 2024

JOUN, D.J.

Plaintiff Herve Olivier, Jr., ("Mr. Olivier" or "Plaintiff") who is proceeding *pro se*, has filed a complaint without payment of the filing fee or a motion seeking leave to proceed without prepayment of the filing fee. For the reasons stated below, this action is dismissed.

**I.    BACKGROUND**

Mr. Olivier filed a 70-page pleading that was entered on the docket as Plaintiff's Complaint. [Doc. No. 1]. In the section of the Complaint for jurisdiction, Mr. Olivier states that this "civil action is authorized by 42 U.S.C. section 1983, 1985(e) and 1986, to redress the deprivations, under color of state law, rights secured by the constitution of the United States." [*Id*. a17]. Mr. Olivier states that he is "a prisoner of war and a prisoner of the State of Massachusetts in custody of the Massachusetts Department of Corrections [and] is currently confined in the Souza Baranowski Correctional Center and also been going through these violations of his rights in MCI Norfolk, NCCI Gardner, and MCI Concord." [*Id*. at 18]. The

Defendants are identified as Miliary Intelligence, Artificial Intelligence, Central Intelligence Agency, Foreign Intelligence, U.S. Government, Federal Bureau of Investigation, Witch Craft, Illuminati, Deep Underground Military, the Department of Corrections and the Souza Baranowski Correction Center.  [*Id*. at 18 - 21].   Mr. Olivier states that the "majority of [his] claims arise from until L-1" and that the purpose of this unit "is to give the behavioral inmates an [opportunity to adjust] to the rules and regulations."  [*Id*. at 22].

Mr. Olivier's Complaint is divided into nineteen "counts" as follows:  Count 1 (brain hacked, brain raped illegally); Count 2 (government misconducts); Count 3 (the original rules and regulations the U.S. government, federal government, state government said to [Plaintiff] as an agreement together at first); Count 4 (DOC's carelessness, recklessness end agreement and other negligence); Count 5 (violations of [Plaintiff's] acts and claims); Count 6 (policies and procedure and custom 103 CMR 478); Count 7 (lost, destroyed or withheld civil complaint lawsuit protocol); Count 8 (campaign of harassment & abuse); Count 9 (misuse of L-1 unit and all of the other units on the North-side of the prison); Count 10 (conspiracy); Count 11 (totality of the conditions); Count 12 (declaratory judgment or decree): Count 13 (violations by artificial intelligence act); Count 14 (government malpractices-others); Count 15 (other companies involved); Count 16 ('hearing voices' from the 'governments'); County 17 (in-summary judgments of protection and advocacy for individuals with mental illness act); Count 18 (congress reports); Count 19 (exhaustion of legal remedies).   [*Id*. at 26-55].

For relief, Plaintiff seeks monetary damages as well as declaratory and injunctive relief. [*Id*. at 58 - 63].

**II.    SCREENING OF THE COMPLAINT**

Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that (1) are legally frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

Additionally, the federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024).  "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'"  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Although the Court liberally construes Mr. Olivier's Complaint because he is proceeding *pro se*, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is subject to dismissal.

**III.    Discussion**

Reading the Complaint generously, the Court finds that it lacks an arguable basis in law and fact.  In the Complaint, Mr. Olivier complains that various government and non-

governmental entities have violated his rights, and that they conspired to do so. The factual allegations are conclusory and stated without any specificity and many of the allegations lack an arguable basis in fact. The allegations concerning the conditions of confinement in the L-1 Unit fail to state a claim upon which relief may be granted.

In light of the nature of the claims asserted, the Court finds that amendment would be futile. *Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

### IV.    Conclusion

In accordance with the foregoing, this action is DISMISSED pursuant to 28 U.S.C. § 1915A and this Court's inherent authority.

**SO ORDERED.**

                                               /s/ Myong J. Joun
                                               Myong J. Joun
                                               United States District Judge